IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

JIMMY WOODARD JR.                    §

v.                                   §        CIVIL ACTION NO. 9:08cv56

DIRECTOR, TDCJ-CID                   §

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Jimmy Woodard, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his conviction.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Woodard was convicted of deadly conduct in the 159th Judicial District Court of Angelina County, Texas, receiving a sentence of 15 years in prison.  His conviction was affirmed by the Ninth Judicial District Court of Appeals on August 10, 2005.  Woodard sought discretionary review, which was denied on November 2, 2005.  Woodard did not seek a writ of certiorari with the United States Supreme Court.  Instead, on December 11, 2006, he filed a state habeas corpus application, and on June 12, 2007, he filed a motion in the Texas Court of Criminal Appeals to remand his habeas application to the trial court for further findings of fact and conclusions of law.  His state habeas application was denied by the Court of Criminal Appeals on June 27, 2007, and he signed his federal habeas corpus petition on February 4, 2008.  In his petition, he says that exculpatory evidence was withheld, the prosecutor used false testimony, there was insufficient evidence to support the conviction, and he received ineffective assistance of counsel.

1

After review of the petition, the Magistrate Judge issued a Report on April 25, 2008, recommending that the petition be dismissed based on the expiration of the statute of limitations. The Magistrate Judge determined that Woodard's conviction became final at the expiration of the time for him to seek certiorari from the denial of his petition for discretionary review, which time frame expired on January 31, 2006.  The Magistrate Judge therefore determined that Woodard's limitations period began to run on February 1, 2006, and expired on February 1, 2007, absent any tolling provisions.

The Magistrate Judge observed that Woodard made no showing that unconstitutional State action prevented him from seeking habeas corpus relief in a timely manner, or that he is asserting a newly recognized constitutional right, nor that he could not have discovered the factual predicates of his claims through exercise of due diligence until a later time.

Woodard did file a state habeas petition on December 11, 2006, which is 313 days after the beginning of the limitations period.  This petition tolled the period during the time that it was pending.  His state habeas petition was denied on June 27, 2007, and so the limitations period began to run again at that time, and expired on August 18, 2007.  The Magistrate Judge observed that this date was a Saturday and so the latest date that Woodard could file his federal habeas corpus petition within the limitations period was Monday, August 20, 2007; however, Woodard did not even sign his petition until February 4, 2008, some five and a half months later.

The Magistrate Judge also stated that Woodard had failed to show any basis upon which the limitations period should be equitably tolled.  Such a showing requires that the petition be pursuing his rights diligently, as well as a showing of rare and exceptional circumstances.  The Magistrate Judge observed that Woodard waited over ten and a half months after his conviction became final in which to file his first challenge to the conviction through the state habeas corpus procedure; he then waited five and a half months after his state habeas petition was denied in which to seek federal habeas corpus relief.  *See* Nelms v. Johnson, 51 Fed.Appx. 482 (5th Cir., Sept. 30, 2002) (not selected for publication  in the Federal Reporter) (petitioner who waited 317 days before filing his

2

state habeas petition held not entitled to equitable tolling; the Fifth Circuit explained that "this court has found no case in which equitable tolling was granted after a petitioner had let ten months of the AEDPA limitations period slip by."). The Magistrate Judge therefore recommended that Woodard's petition be dismissed as barred by the statute of limitations.

Woodard filed objections to the Magistrate Judge's Report on April 30, 2008. In his objections, he asserts that he was the victim of prosecutorial misconduct because the prosecutor was in possession of a statement by Elizabeth Barrett confessing to the firing of the shots that Woodard was charged with having fired. He says that this statement was not disclosed to him; however, he concedes that Barrett testified at his trial that she had fired the shots. In addition, he says that the prosecutor refused to call Lt. Cooper to testify because the prosecutor knew that Barrett had given the statement to Cooper, and refused to call other persons, including Winter Whittenberg.

Woodard also complains that the prosecutor used perjured testimony, in the form of testimony from Mickey Pyle, the person at whom Woodard had allegedly fired. He says that Pyle testified that he saw Woodard shooting at him from 70 yards away (Woodard says that the distance was actually 200 yards) through "thickly dense trees," and that Pyle incorrectly described the clothing which Woodard was wearing.

In a related contention, Woodard asserts that he is actually innocent of the offense, again saying that Elizabeth Barrett confessed to firing the shots for which he was convicted. He says that he told this to his attorney, but that his attorney rendered ineffective assistance by failing to communicate with him and did not discuss strategy with him. He says that had counsel investigated, he would have discovered the statement which Barrett gave to Lt. Cooper, and that counsel failed to present exculpatory evidence, including other witness statements and photographs. Woodard says that counsel also failed to object to the false evidence which the prosecution presented.

Woodard's objections make no mention of the statute of limitations, which formed the basis of the Magistrate Judge's recommendation. On May 13, 2008, Woodard filed a motion which he

3

styled as a "motion to equitably toll limitations."  In the interest of justice, the Court will treat this motion as additional objections to the Magistrate Judge's Report.

In this motion, Woodard again says that he is actually innocent.  He says that he mis-interpreted the limitations period to mean that he had one year from the final date of his last answer from the Texas Court of Criminal Appeals, and that he is not skilled in the law.  He insists that he has been diligent in pursuing his rights and says that had he not mis-interpreted the law, he would have filed his federal petition timely.  Woodard says that if his claims are not reviewed, a gross miscarriage of justice will take place.

Woodard attaches some exhibits to his motion.  The first of these is Elizabeth Barrett's statement, in which she says that she discharged the gun.  The second is a statement from Winter Whittenberg, in which she also says that Barrett fired the gun; however, Whittenberg says that Woodard told the police that he had been shooting at dogs, which Whittenberg assumed he did so that Barrett would not get in trouble.  The third exhibit consists of pages from the trial transcript.  These portions include Barrett's testimony, in which she said that she had given a written statement to Lt. Cooper, and her statement that she had fired the pistol.

Woodard's arguments for equitable tolling of the limitations period include his assertions of actual innocence and his claim that he did not understand how the limitations period is calculated.  As the Magistrate Judge stated, the Fifth Circuit has expressly held that proceeding *pro se*, illiteracy, deafness, lack of legal training, unfamiliarity with the legal process, and claims of actual innocence are insufficient reasons for equitable tolling of the statute of limitations.  Felder v. Johnson, 204 F.3d 168. 173 (5th Cir. 2000).  Woodard's objections simply present three of these bases - unfamiliarity with the legal process, lack of legal training, and a claim of actual innocence - as grounds for equitable tolling.  Because the Fifth Circuit has already held that these bases are insufficient reasons for equitable tolling, Woodard's objections are without merit.

The Court notes, with regard to Woodard's claim of actual innocence, that the option of seeking executive clemency remains open to him.  The Governor of Texas, based upon a

4

recommendation of a majority of the Board of Pardons and Paroles, may grant clemency.  Tex. Const., Art. IV, §11; Tex. Code Crim. Pro. Ann. art. 48.01.  Additionally, the Texas Court of Criminal Appeals has approved a procedure whereby claims of actual innocence may be tested through state habeas corpus.  State of Texas ex rel. Holmes v. Court of Appeals for the Third District, 885 S.W.2d 389, 397 (Tex.Crim.App. 1994).

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit.  It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice as barred by the statute of limitations.  This dismissal shall not prevent Woodard from seeking relief through executive clemency or through other lawful channels within the courts or executive procedures of the State of Texas.  It is further

ORDERED that the Petitioner Jimmy Woodard is hereby DENIED a certificate of appealability *sua sponte*.  Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **13** day of **June, 2008.**


_____
Ron Clark, United States District Judge